IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PRIME INSURANCE CO., <br><br>     Plaintiff, <br><br> v. <br><br> XXXV CLUB and ALANA, INC., <br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER TO SHOW CAUSE** <br><br><br> Case No. 2:25-cv-00021-JNP <br><br> District Judge Jill N. Parrish |

Defendant Alana, Inc., operates a gentlemen's club (Defendant XXXV Club) in New Jersey and received commercial liability and assault and battery insurance coverage from Plaintiff Prime Insurance Company. During the coverage period, a patron at the Club was allegedly assaulted, and Prime Insurance was notified that the patron had filed a claim against Alana in New Jersey state court. Prime Insurance, which is currently providing a defense to Alana in that underlying action, brought suit in Utah state court seeking a declaration that Alana's insurance policy does not cover the patron's claim, and that Prime Insurance accordingly has no obligation to indemnify Alana and may withdraw from its ongoing defense in the New Jersey case. Alana timely filed a notice of removal under 28 U.S.C. §§ 1332, 1441, and 1446.

As explained below, the court cannot discern whether it has diversity jurisdiction over this action. Accordingly, the court ORDERS Alana to allege its corporate form, principal place of business (as applicable), and the identity and citizenship of every individual or entity whose citizenship may be attributed to it (as applicable), and further ORDERS Alana to prove by a preponderance of the evidence that the amount in controversy is greater than $75,000.

## ANALYSIS

Although Prime Insurance has not filed a motion to remand, the court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Here, Alana invokes the court's diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). The court is not satisfied that either requirement is met here.

As to the first requirement, Alana has not alleged facts sufficient to discern its own citizenship. According to Prime Insurance's complaint, Alana is a limited liability company with its principal place of business in New Jersey; according to the allegations in Alana's notice of removal, it is a New Jersey corporation owned entirely by New Jersey residents. The court orders Alana to clarify its business structure. If it is a corporation, then it must allege its principal place of business. (Presumably, it is New Jersey, but it still must be alleged.) *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (explaining that a corporation is domiciled in its place of incorporation and principal place of business). If instead Alana is an LLC, it must allege the identity and domicile of every member because an LLC is domiciled in every state in which its members are domiciled. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). If Alana's members turn out to be LLCs or other unincorporated entities, Alana must allege the identity and citizenship of each member or partner of each of the Alana members.

As to the amount-in-controversy requirement, since Prime Insurance's complaint does not disclose the amount in controversy, Alana must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). The most Alana offers is its counsel's statement in the notice of removal, "[I]t is my

2

understanding and belief that the damages being demanded far exceed the jurisdictional threshold of this court." ECF No. 5, at 2. This statement does not prove by a preponderance that over $75,000 is in controversy.

The court is sympathetic to the quandary in which defendants like Alana may find themselves. To explain, 28 U.S.C. § 1446(b)(1) gives the defendant in a state proceeding 30 days from receiving the plaintiff's initial pleading to remove the action to federal court as of right if the action is one that could have been originally brought in federal court (e.g., under federal-question jurisdiction or diversity jurisdiction). When the defendant seeks to remove the case and invokes the federal court's diversity jurisdiction, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *McPhail*, 529 F.3d at 953. However, state rules sometimes either allow the plaintiff to omit an amount of damages in the pleadings or prohibit the plaintiff from specifying an amount of damages altogether. In such cases, the amount in controversy may not be evident from the face of the complaint, making it difficult for the defendant to determine whether the federal court would have diversity jurisdiction over the action and therefore making it difficult for the defendant to choose how to proceed.

On the one hand, if the defendant promptly removes the case, he runs the risk that the plaintiff may assert an amount just under the jurisdictional threshold to force the case back to state court or that the plaintiff may move for sanctions under Rule 11 of the Federal Rules of Civil Procedure. On the other hand, if the defendant uses discovery in state court to ascertain the amount of damages before filing a notice of removal, he risks the expiration of his 30-day removal period. Granted, § 1446(b)(3) provides a safe harbor in those cases where the action as originally filed is not removable but the defendant later learns through an amended pleading or other document that the case is removable; in those situations, the defendant has 30 days from when he could have first

3

ascertained that the action is removable to file his notice of removal. But a defendant who relies on § 1446(b)(3) runs the risk that the federal court may determine that the action as originally filed contained enough facts for the defendant to prove the amount in controversy by a preponderance of the evidence, in which case the court would remand the case to state court. *See, e.g.*, *McCraw v. Lyons*, 863 F. Supp. 430, 435 (W.D. Ky. 1994).

Defendants caught in this quagmire would do well to read carefully the Tenth Circuit's opinion in *McPhail v. Deere & Co.*, 529 F.3d 947, 952–57, and the district judge's opinion in *McCraw v. Lyons*, 863 F. Supp. 430. Those carefully reasoned decisions provide helpful guidance on how a defendant can prove the amount in controversy (and thereby determine whether the action as originally filed is removable). The court summarizes their guidance here.

First, the burden to prove that the jurisdictional threshold is satisfied by a preponderance of the evidence is only "moderate"—that is, it is "not a heavy burden." *McCraw*, 863 F. Supp. at 434–35. So, a defendant's good-faith efforts to show that the jurisdictional threshold is satisfied will rarely be met with sanctions. Further, the defendant has a variety of options to satisfy his burden. The defendant may "rely on an estimate of the potential damages from the allegations in the complaint." *McPhail*, 529 F.3d at 955. For example, he may reasonably estimate that the tort recovery for "alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and [a] temporary inability to do housework" will exceed $75,000. *Id.* at 956 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). Or the defendant may rely on documents like affidavits or other evidence probative of how much it would cost to satisfy the plaintiff's demands. The defendant may also point to "documents that demonstrate [the] plaintiff's own estimation of [his] claim," such as a proposed settlement by the plaintiff. *Id.*

This list is not exhaustive; it simply enumerates several of the most common ways a defendant may satisfy his burden of proving the amount in controversy when faced with a silent complaint. But in any event, the defendant must do more than submit an unsworn statement from his attorney that in his estimation the damages sought exceed the jurisdictional threshold.

## CONCLUSION AND ORDER

For the foregoing reasons, the court **ORDERS** Alana to file a document with the court alleging its business form and depending on its business form, alleging its principal place of business (if it is a corporation) or the identity and citizenship of every individual or entity whose citizenship may be ascribed to it (if it is an LLC). The court also **ORDERS** Alana to submit evidence sufficient for the court to find by a preponderance of the evidence that the amount in controversy exceeds $75,000. Alana must submit the document and evidence no later than **April 4, 2025**. Otherwise, the court will remand the case to state court.

Signed March 5, 2025.

BY THE COURT

Jill N. Parrish
United States District Court Judge